HON. A. G. CURTIN BIERER,
HON. JNO. L. M'ATEE,
HON. JOHN C. TARSNEY, — ASSOCIATE JUSTICES.
HON. JAMES R KEATON,

---

### JOHN LAUGHLIN v. FLETCHER M. FARISS.

(Filed September 3, 1897.)

1. EQUITABLE TITLE—*What Constitutes Such.* A person qualified to acquire title to such land, becomes the equitable owner of the tract covered by his homestead entry, upon complying with all of the requirements of the federal laws as to improvement, occupancy and cultivation and making final proof and receiving final certificate therefor, and his grantee is invested with such title by accepting a conveyance, by warranty deed, to said tract of land from said entryman.

2. ACTION IN THE NATURE OF EJECTMENT—*Sufficiency of Title to Authorize Same.* An equitable title to a tract of land is sufficient to authorize the maintaining of an action in the nature of ejectment, by the holder thereof, for the possession of said tract, under section 614 of the Civil Code.

3. MANDATORY INJUNCTION—*Will Not Lie, When.* A party is not entitled to a mandatory injunction to aid him in the recovery of the possession of certain real property, where it is shown by the allegations of his petition that he has a plain and adequate remedy at law.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before*
*Henry W. Scott, District Judge.*

*J. H. Everest,* for plaintiff in error.

*Charles H. Eagin,* for defendant in error.

Opinion of the court by

KEATON, J.:  Two of the assignments of error alleged
in this case are based upon the action of the trial court in
overruling a demurrer to the amended petition of de-
fendant in error, (plaintiff below,) which said petition,
omitting the caption, is as follows:

"The plaintiff, William D. Fariss, by leave of court,
amends his petition, and for cause of action against the
defendant, John Laughlin, avers that plaintiff is the own-
er in fee simple of the following described real estate,
to-wit:  Lots 17 and 18 and the east half of the southwest
quarter of section 5, in township 11, north of range 3
west, in Oklahoma county, in said Territory.  That final
proof for said tract was made at the United States land
office at Oklahoma City, in said Territory, on the 15th
day of April, 1895, by Fletcher M. Fariss, who made
homestead entry for said tract and certificate of cash
entry was on that date duly issued to said Fletcher M.
Fariss and afterwards, and on the 1st day of June, 1895,
said Fletcher M. Fariss sold and for sufficient and valu-
able consideration transferred and conveyed by warranty
deed all his interest in said land to this plaintiff, said
deed of conveyance being duly filed for record in the of-
fice of the register of deeds in said county, and plaintiff
has ever since been and now is the owner and entitled to
the possession of all of said land.

"That prior to the time said Fletcher M. Farris made
final proof on said land, the defendant, John Laughlin,
had filed and pending against the said Fletcher M. Fariss
a contest on the grounds of prior settlement, which said

contest was prosecuted through all its stages until final review before the honorable secretary of the interior, and was by the honorable secretary of the interior decided adversely to said John Laughlin, and his motion for review denied, (a copy of such decision hereto attached,) and the case closed, but that afterwards and before final proof was made by said Fletcher M. Fariss, said Laughlin filed another contest against said Fletcher M. Fariss alleging that said Fariss was and is disqualified to make homestead entry for said tract of land by reason of hav ing entered said Oklahoma country in violation of law, and a hearing has been ordered on said last mentioned contest by the proper authorities of the department of public lands and is now pending, and the cash entry of said Fletcher M. Fariss is suspended, and this plaintiff is without adequate remedy at law against said Laughlin, and said Laughlin is holding possession under claim of right by virtue of said second contest, and said defendant still occupies, cultivates and refuses to vacate said premises notwithstanding such dismissal of his contest and determination of said former contest against him, and plaintiff avers that said Laughlin is not in possession of said land or any portion thereof under any other claim of right to possession except by virtue of said second contest, and that this plaintiff is entitled to the sole and exclusive occupancy of all of said land, but plaintiff avers that said Laughlin threatens, and is about to proceed to cultivate a portion of said land and has cut and is still destroying timber on said land and plaintiff is without remedy against such trespasses.

"Wherefore, plaintiff prays that a restraining order may be issued commanding said defendant to desist from cultivating, improving or otherwise interfering with any portion of said premises and from taking or using any of the timber thereon and that upon a hearing a mandatory injunction may be awarded removing said defendant from said premises and forever enjoining and restraining him from any interference with the sole and exclusive posses-

sion of plaintiff in and to said land and the improvements thereon.

CHAS. H. EAGIN, Attorney for Plaintiff."

The foregoing petition was duly and properly verified by the affidavit of said plaintiff, and defendant filed a demurrer thereto upon the following grounds, to-wit. (1.) That said amended petition fails to state facts sufficient to constitute a cause of action against this defendant in injunction. (2. ) The court has no jurisdiction to try the rights of property in this action, the face of the petition showing that the plaintiff has an adequate remedy at law in the action of ejectment. This demurrer was overruled by the trial court on the 31st day of March, 1896, and the defendant electing to stand upon said demurrer, and, declining to plead further, said court entered judgment against him, on the pleadings, that he "and all persons acting for him or under his direction and control be and are hereby enjoined and restrained from plowing, improving, using, possessing or occupying any portion of lots 17 and 18 and the east one-half of the southeast quarter of section 5, in township 11, of range number 3 west, and within thirty days from the date of this judgment said defendant is required to remove from said tract of land with his improvements without committing waste, and until the expiration of said period of thirty days said defendant, John Laughlin, shall be permitted to possess and occupy the house now used and occupied by him and a tract immediately surrounding said house not exceeding seven and one-half acres in extent." And thereupon, the defendant prayed an appeal to this court and was given thirty days within which to perfect same, and execution was stayed pending said appeal as to the seven and one-half acres of said tract of land, upon the giving

of a good and sufficient undertaking by defendant in the sum of $500, and the plaintiff in error, (defendant below,) subsequently, and on April 13, 1896, brought the case here by petition in error and a transcript of the record.

It is contended by counsel for plaintiff in error that the amended petition hereinbefore set out not only fails to state sufficient facts to authorize the granting to plaintiff below, of the relief obtained by way of an order of mardatory injunction, but that said petition clearly shows upon its face that the plaintiff was not entitled to such relief. On the other hand, it is contended by defendant in error that the trial court was justified in entering the judgment complained of herein, under the doctrine announced both in *Sproat v. Durland,* 2 Okla. 24, and *Woodruff v. Wallace,* 3 Okla. 355.

To determine which of the two opposing contentions is the correct one and whether or not the amended petition of the plaintiff in this case brings him within the rules laid down in *Sproat v. Durland* and *Woodruff v. Wallace, supra,* necessitates the consideration and decision of the following questions, to-wit:

1. Does said petition show that plaintiff has an equitable title to the tract of land in controversy?

2. If so, is such title a sufficient basis for an action at law by plaintiff for the recovery of the possession of said tract?

3. If both questions numbered 1 and 2 are answered in the affirmative, does said petition still contain a sufficient statement of facts to entitle plaintiff to the relief sought and obtained?

This court has already at its present term, answered the first question propounded in the affirmative: See *Flanagan v. Forsythe,* 6 Okla. 225, wherein it is held that,

when a homestead entryman has complied with all of the requirements of the federal statutes applicable to the disposal of the tract of land occupied by him, and has made his final proof, paid the amount of money required and received final certificate therefor, he has a complete equitable title to said land, with the naked legal title only remaining in the government.

The second question propounded is also answered affirmatively by the plain language of our statute and the numerous decisions of the supreme court of Kansas construing same prior to its adoption by the legislature of this Territory. Section 614 of the Civil Code provides that, "In an action for the recovery of real property, it shall be sufficient if the plaintiff state in his petition, that he has a legal or equitable estate therein, and is entitled to the possession thereof, * * and that the defendant unlawfully keeps him out of the possession."

It would seem that the language of this section is too plain to need the support of authority to show that an equitable title or estate in land is a sufficient basis for an action in the nature of ejectment, but if such were necessary, it can be found in abundance by consulting the decisions of the supreme court of the state from which the statute was taken.

"Any kind of an estate in land, legal or equitable, is sufficient to enable the plaintiff to recover in an action in the nature of ejectment, under section 595 of the Civil Code, as against a party who has no interest in the property. The question of who shall recover in such an action, depends entirely upon the question, which party has the paramount right to the property in controversy." (*Simpson v. Boring*, 16 Kan. 248.)

"Under the Code an equitable title to real estate may be sufficient to sustain an action to recover the posses-

sion." (*Kansas Pac. Ry. Co. v. McBratney*, 12 Kan. 9; see also, *Duffey v. Rafferty*, 15 Kan. 9; *State v. Stringfellow*, 2 Kan. 263; *A. T. & S. F R. R. Co. v. Pracht*, [Kan.] 1 Pac. 319.)

It is also apparent that the allegations contained in plaintiff's petition, regarding his title and right of possession, are amply sufficient to entitle him to maintain an action of forcible detainer for the possession of said tract of land (*Price v. Olds*, 9 Kan. 66; *Conaway v. Gore*, 27 Kan. 122.)

The third question must be answered in the negative, and the contention of counsel for defendant in error that the decision of the trial court in this case should be sustained, because within the principles announced in *Sproat v. Durland* and *Woodruff v. Wallace*, *supra*, must fall.

In the case of *Richardson v. Penny*, 6 Okla. 328, decided at the present term of this court, it is said, "we still hold to the well, if not universally, established doctrine that, when a party has a plain and adequate remedy at law he cannot invoke the powers of a court of equity to issue its writ of injunction." This we believe to be a correct statement of the rule governing the question under consideration, and that the same is not in conflict with the former decision of this court authorizing the issuance of the writ of mandatory injunction. This doctrine of mandatory injunction, as the writer understands, has never been carried further by this court than to authorize the writ in a case where a party, without title or color of title, but by reason of having made a homestead entry for a tract of government land, is entitled to the immediate possession thereof as against a person, in possession of same, without color of title or right of possession; and, in such case, the doctrine is based upon the

theory that the homestead entryman has no adequate remedy at law to procure the possession of the tract covered by his said entry, inasmuch as, under the laws of the United States, he is required to establish his residence thereon within six months from the date of such entry.

While it is conceded that the action of forcible entry and detainer, or forcible detainer, will lie in a case of this character, yet it is held that this action would not furnish adequate relief as the party in possession, although without any right thereto whatever, could, by successive appeals and supersedeas bonds, retain such possession for a much longer period than six months and could, thereby, greatly endanger the homestead entryman's inceptive right to acquire title to said tract under the laws of the United States or, at least, subject him to the vexation and expense of a contest for abandonment.

Upon this theory of the right to a **mand**atory injunction, the writer concurred in sustaining the doctrine in the case of *Barnes v Newton*, not so much because of a conviction that the law, as therein declared per Dale, C. J., and supported by a majority of the court, is correct, as because of my belief that in this Territory, the question was no longer an open one. However, I do not believe that this doctrine should be, in any wise, extended beyond the scope already heretofore authorized by this court, but do believe it should be confined strictly within the limits herein defined, if not restricted to still more narrow ones. It is true that this court held, in *Sproat v. Durland, supra*, that, "When it is ascertained that a person claiming the right to the use and occupancy of a tract of land, the title to which is still in the United States, is, under the laws of congress, a mere trespasser,

it is the duty of the courts having jurisdiction to give the proper party the possession of the land upon which the trespass is so had," but the title therein referred to was intended to comprehend both the legal and equitable title, and this holding was not intended to apply to a case where the plaintiff had acquired from the government all but the "mere naked legal title" to such tract. This view is made certain by a sufficient examination of said case to ascertain the propositions there presented for determination and is also emphasized by the holding in *Woodruff v. Wallace, supra,* that this character of injunction should be issued in a proper case to prohibit a trespasser or one in possession of a tract of government land without any right of possession whatever "from interfering with the possession of the person who has the homestead filing for such land."

This remedy by injunction, both mandatory and prohibitive in character, may and does some times become a very far reaching and oppressive, as well as a speedy and effective one, and should only be granted by courts of equity in cases where the applicants therefor bring themselves clearly within the well defined and established rules authorizing the issuance of same; hence, such courts rarely deem it necessary or advisable to interfere in this manner, to aid a person endeavoring to recover the possesssion of real property. (High on Injunctions, 2 ed. secs. 354, 355 and 360. *Lacassagne v. Chappis,* 144 U. S. 119.)

In the case last cited, the rule is clearly and concisely stated by Mr. Justice Blatchford, speaking for the court, in the following language:

"The plaintiff was out of possession when he instituted this suit, and by the prayer of his bill he attempts

to regain possession by means of the injunction asked for. In other words, the effort is to restore the plaintiff, by injunction, to rights of which he had been deprived. The function of an injunction is to afford preventive relief, not to redress alleged wrongs which have been committed already. An injunction will not be used to take property out of the possession of one party and put it into that of another. * * The plaintiff has a valid, adequate and complete remedy at law, and the case is not one for the jurisdiction of a court of equity."

The same principle of law is declared in the case of *Bodwell v. Crawford*, 26 Kan. 292, wherein it is properly held that: "Where a party enters into the possession of premises without any authority from the owner and under pretense of a lease made by an unauthorized agent, and puts said premises to a use which is not forbidden by the law, the owner's remedy is an action at law to recover the possession, and he may not resort to equity and obtain an injunction, and thus take away the constitutional right of a trial by jury, on the ground that such use, is in his judgment immoral and mischievous in its tendencies, and one calculated to injure his reputation in the community." See also, as directly in point with the case at bar, *Weeks v. White*, (Kan.) 21 Pac. 600; Section 383 of the Code therein referred to and passed upon being in the identical language of Section 395 of our Civil Code and the one from which the latter was taken and which reads as follows:.

"The usual duplicate receipt of the receiver of any land office, or, if that be lost or destroyed, or beyond the reach of the party, the certificate of such receiver that the books of his office show the sale of a tract of land to a certain individual, is proof of title equivalent to a patent against all but the holder of an actual patent."

By the rule of adopted construction, the case last

cited is conclusive upon this court but, independenfly of this rule, the law governing the question involved is undoubtedly correctly announced therein.

The fact, alleged in the amended petition, that there was a contest proceeding still pending in the land department between plaintiff in error and the grantor of defendant in error to have the cash entry of such grantor cancelled, has no tendency to take this case out of the rule hereinbefore laid down and authorize the granting of an injunction; nor could this fact have availed said grantor, who was the original homestead entryman, to invoke the assistance of a court of equity, by injunction, in procuring the possession of said tract of land had he not conveyed same to defendant in error, for the reason that the cause, justifying the court in awarding such relief, no longer existed after the making of final proof and obtaining final certificate therefor by such entryman.

We hold that the action of injunction will not lie to adjust possessory rights to a tract of land after the equitable title thereto has passed from the government of the United States and become vested in an individual, unless in a case which presents some recognized special ground therefor, which must be one other than that one party claims that he is the owner and entitled to the immediate possession thereof and that the other party unlawfully and without any right whatever holds and detains such possession.

We therefore conclude that the facts, stated by the plaintiff below in his amended petition, are not sufficient to entitle him to the interference of a court of equity, and the judgment of the district court is revers-

ed and the cause remanded with directions that the action be dismissed at the cost of the defendant in error.

All of the Justices concurring.