## POOL v. BAKER.

(No. 835;  Decided January 25, 1916;  154 Pac. 328.)

APPEAL AND ERROR—BOUNDARIES—BOUNDARY SURVEY BY COUNTY SURVEYOR — PUBLIC LANDS — UNLAWFUL ENCLOSURE — HOMESTEAD RIGHTS—EVIDENCE—REVIEW—QUESTIONS PRESENTED BY RECORD.

1. Where one unlawfully encloses a portion of the public domain with his own land, he cannot in equity enjoin one who subsequently becomes a rightful holder thereof under the public land laws, from maintaining his lawful possession.

2. One who makes a homestead entry upon public lands of the United States, on compliance with the laws and regulations of the Land Department, is entitled to possession thereof.

3. A county surveyor's certificate is admissible under Comp. Stats. 1910, Sec. 1292, as competent evidence of the true location of a boundary line established by the government survey and in the absence of rebutting evidence is sufficient to warrant a finding in favor of one claiming under it.

ERROR to the District Court, Sheridan County; HON. CARROLL H. PARMALEE, Judge.

Action by W. H. Pool to restrain Fred M. Baker from removing a fence, which enclosed plaintiff's lands with a portion of defendant's homestead claim, in which action the defendant sought by cross-petition to enjoin plaintiff from interfering with the removal of the fence.   From a judgment for defendant, plaintiff brings error.

*F. W. Byrd* and *S. P. Cadle,* for plaintiff in error.

The fence belonged to plaintiff in error and he had been in possession of the land for many years.   The rules of the Land Department require an entryman to make oath that

the land sought for entry is not occupied or appropriated by another at the time of the entry. (Lyle v. Patterson, 228 U. S. 211.) The attempted removal of the fence by defendant in error was a trespass. The certificate of the county surveyor is in the nature of a judicial finding and should not be accepted as controlling the question of boundary; plaintiff in error was in possession and no other element of title was involved in the case. Equity will enjoin a trespass, especially a repeated trespass. (English v. Jones, 108 Ga. 123, 34 S. E. 122; Martin v. Pattillo, 126 Ga. 436, 55 S. E. 240; Rubsam v. Cobb, 84 Ga. 552, 11 S. E. 138; Grant v. Crow, 47 Ia. 632; Ten Eyck v. Sjoburg, 68 Ia. 625, 27 N. W. 785; Thomas v. Robinson, 92 N. W. 70; Truesdale v. Jensen, 91 Ia. 312, 59 N. W. 47; Doidge v. Bruce, 119 N. W. 624; Mendenhall v. School Distr. No. 83, 76 Kan. 173, 90 Pac. 773; Frazer v. Hutchinson, 10 Ky. L. Rep. 871; Chiles v. Ringo, 14 Ky. L. Rep. 302; O'Brien v. Murphy, 189 Mass. 353, 75 N. E. 700; Rhoades v. McNamara, 135 Mich. 644, 98 N. W. 392; Carlson v. St. Louis River Dam &c. Co., 73 Minn. 128, 75 N. W. 1044, 41 L. R. A. 371, 72 Am. St. Rep. 610; Graham v. Womack, 82 Mo. App. 618; Hobart-Lee Tie Co. v. Stone, 135 Mo. App. 438, 117 S. W. 604; Haman v. Wade, 74 Mo. App. 339; Axthelm v. Chicago &c. R. Co., 89 N. W. 313; Ford v. Burleigh, 60 N. H. 278; Valentine v. Schreiber, 3 App. Div. 235, 38 N. Y. S. 417, 38 N. Y. S. 1150; Fonda &c. R. Co. v. Olmstead, 84 App. Div. 127, 81 N. Y. S. 1041; New York Cent. &c. R. Co. v. Warren, 31 Misc. 571, 64 N. Y. S. 781; New York Cent. &c. R. Co. v. Flynn, 74 Hun, 124, 26 N. Y. S. 859; Lazzell v. Garlow, 44 W. Va. 466, 30 S. E. 171; Callaway v. Webster, 98 Va. 790, 37 S. E. 276; Heaton v. Wireman, 74 Neb. 817, 105 N. W. 634; Hayois v. Salt River Valley Canal Co., 8 Ariz. 285, 71 Pac. 944; Pittsburg &c. R. Co. v. Fiske, 123 Fed. 760, 60 C. C. A. 621; Kellogg v. King, 114 Cal. 378, 46 Pac. 166, 55 Am. St. Rep. 74; Dunker v. Field &c. Club, 6 Cal. App. 524, 92 Pac. 502.) And especially where it will prevent a multi-

plicity of suits.   (Allen v. Martin, L. R. 20 Eq. 462; Lake
Shore &c. R. Co. v. Felton, 103 Fed. 227, 43 C. C. A. 189,
123 Fed. 760, 60 C. C. A. 621; Smithers v. Fitch, 82 Cal.
153, 22 Pac. 935; Mendelson v. McCabe, 144 Cal. 230, 77
Pac. 915, 103 Am. St. Rep. 78; Creanor v. Nelson, 23 Cal.
464; Bishop v. Owens, 5 Cal. App. 83, 89 Pac. 844; Bog-
lino v. Giorgetta, 20 Colo. App. 338, 78 Pac. 612; Huxford
v. Southern Pine Co., 124 Ga. 181, 52 S. E. 439; McIntyre
v. Storey, 80 Ill. 127; Taylor v. Pearce, 179 Ill. 145, 53
N. E. 622; Alden Coal Co. v. Challis, 103 Ill. App. 52,
200 Ill. 222, 65 N. E. 717; Ellis v. Wren, 84 Ky. 254, 1
S. W. 440; Blondell v. Consolidated Gas Co., 89 Md. 732,
43 Atl. 817, 46 L. R. A. 187; Hamilton v. Ely, 4 Gill. 34;
Providence &c. Steamboat Co. v. Fall River, 183 Mass.
535, 67 N. E. 647; Ainsworth v. Munoskong Hunting &c.
Club, 153 Mich. 185, 116 N. W. 992, 17 L. R. A. N. S.
1236, 126 Am. St. Rep. 474; Chadbourne v. Zilsdorf, 34
Minn. 43, 24 N. W. 308; Colliton v. Oxborough, 86 Minn.
361, 90 N. W. 793; Warren Mills v. New Orleans Seed
Co., 63 Miss. 391, 4 So. 298, 7 Am. St. Rep. 671; Lambert
v. St. Louis &c. R. Co., 212 Mo. 692, 111 S. W. 550; Con-
nole v. Boston &c. Consol. Copper &c. Min. Co., 20 Mont.
523, 52 Pac. 263; Shaffer v. Stull, 32 Neb. 94, 48 N. W.
882; Hackney v. McIninch, 79 Neb. 128, 112 N. W. 296,
80 Neb. 49, 113 N. W. 816; Leach v. Harbough, 91 N. W.
521; Wilson v. Hill, 46 N. J. Eq. 367, 19 Atl. 1097; Rob-
ertson v. Meyer, 59 N. J. Eq. 366, 45 Atl. 983; King v.
Muller, 67 Atl. 380; Sked v. Pennington Spring Water Co.,
65 Atl. 713, 69 Atl. 182; Arizona &c. R. Co. v. Denver &c.
R. Co., 13 N. M. 345, 84 Pac. 1018; Bussier v. Weekey,
11 Pa. Super. Ct. 463, 4 Pa. Super. Ct. 69, 18 Pa. Co. Ct.
33; Sunderland v. Whitesides, 7 Phila. 335; Sullivan v.
Jones &c. Steel Co., 208 Pa. St. 540, 57 Atl. 1065, 66 L. R.
A. 712; Murphy v. Lincoln, 63 Vt. 278, 22 Atl. 418; Tip-
ping v. Robbins, 71 Wis. 507, 37 N. W. 427; Miller v.
Hoeschler, 121 Wis. 558, 99 N. W. 228, 7 L. R. A. N. S.
49; DePauw v. Oxley, 122 Wis. 656, 100 N. W. 1028;
Marshfield Land Co. v. John Week Lumber Co., 108 Wis.

268, 84 N. W. 434; Shannon v. Dorsinski, 134 Wis. 68, 114 N. W. 129.)   And this even though the injury is not irreparable and the remedy at law may be adequate.   (Tantlinger v. Sullivan, 80 Ia. 218, 45 N. W. 765; Turner v. Stewart, 78 Mo. 480; Sills v. Goodyear, 80 Mo. App. 128; Palmer v. Israel, 13 Mont. 209, 33 Pac. 134; Munger v. Yeiser, 80 Neb. 285, 114 N. W. 166; McClellan v. Taylor, 54 S. C. 430, 32 S. E. 527; Jerome v. Ross, 7 Johns. Ch. (N. Y.) 315.)   And even though the trespasser be solvent. (Ladd v. Osborne, 79 Ia. 93, 44 N. W. 235; Metropolitan Land Co. v. Manning, 98 Mo. App. 248, 71 S. W. 696; Pohlman v. Evangelical Lutheran Trinity Church, 60 Neb. 364, 83 N. W. 201; Lynch v. Egan, 67 Neb. 541, 93 N. W. 775; Horning v. Herring, 74 Neb. 637, 104 N. W. 1071; Lembeck v. Nye, 47 Ohio St. 336, 24 N. E. 686, 8 L. R. A. 578, 21 Am. St. Rep. 828; New York &c. R. Co. v. Scovill, 71 Conn. 136, 41 Atl. 246, 42 L. R. A. 157, 71 Am. St. Rep. 159; Musselman v. Marquis, 1 Bush. (Ky.) 463, 89 Am. Dec. 637; Chambers v. Haskell (Ky.), 78 S. W. 478; Boston &c. R. Co. v. Sullivan, 177 Mass. 230, 58 N. E. 689, 83 Am. St. Rep. 275; Washburn v. Miller, 117 Mass. 376; Cain v. Simonson (Ala.), 39 So. 571; Simpson v. Moorhead, 65 N. J. Eq. 623, 56 Atl. 887; Haines v. Hall, 17 Ore. 165, 20 Pac. 831, 3 L. R. A. 609; DePauw v. Oxley, 122 Wis. 656, 100 N. W. 1028; London &c. R. Co. v. Lancashire &c. R. Co., L. R. 4 Eq. (Eng.) 174; Huxford v. Southern Pine Co., 124 Ga. 181, 52 S. E. 439; Edwards v. Haeger, 180 Ill. 99, 54 N. E. 176; Gilbert v. Arnold, 30 Md. 29; Turner v. Stewart, 78 Mo. 480; Atchison &c. R. Co. v. Spaulding, 69 Kan. 431, 2 Ann. Cas. 546, 77 Pac. 106, 66 L. R. A. 587, 105 Am. St. Rep. 175; Gulf &c. R. Co. v. Puckett (Tex.), 82 S. W. 662.)   Section 1294, Comp. Stats, 1910, does not clothe the county surveyor with judicial power.

*Gogerty & McNally,* for defendant in error.

The boundary survey was made in accordance with the provisions of Sec. 1294, Comp. Stats. 1910, and the sur-

veyor's certificate stands unchallenged; the fence enclosed
a portion of defendant's homestead entry and as such was
an unlawful enclosure; the doctrine of peaceful possession
for many years does not apply here, as the enclosure was
unlawful. (Act of Congress, Feb. 25th, 1885, Ch. 149; 23
Stats. 321; U. S. Comp. Stats. 1901, p. 1524; 32 Cyc. 794;
Clemons v. Gillette (Mont.), 83 Pac. 879.) One who owns
land can remove a fence wrongfully placed thereon by an-
other. (Stillwell v. Duncan (Ky.), 39 L. R. A. 863.) And
it is not an act of trespass. (Curies v. Jones (Iowa), 96
N. W. 766.) A homestead entryman acquires the right of
possession. (32 Cyc. 818; Tiernan v. Miller & Leith
(Neb.), 96 N. W. 661; Hasty v. Bonness (Minn.), 86 N.
W. 896; Brown v. Donnelly (Okla.), 59 Pac. 974.) Argu-
ment as to peaceful possession under an unlawful enclosure
is absurd, when it is remembered that the fact of enclosure
was an act upon which a government prosecution could be
predicated. The entire question is disposed of and our
contention supported by the case of Reservation State Bank
v. Peter Holst, 17 S. D. 240, 70 L. R. A. 799.

*Cadle & Byrd,* in reply.

Counsel misconceives the nature of plaintiffs case; this
is a boundary line dispute. We contend that the county
surveyor is not clothed with judicial power under Section
1294, Comp. Stats. 1910. The Act of Congress referred to
and cases relating to the act are not in point. Other cases
cited refer to the rights of a homesteader, when once in
possession. The Iowa case of Curies v. Jones, 96 N. W.
766, is against defendant's contention. Injunction will lie
until the possessory rights are ascertained. (12 A. & E.
Ann. 32.) Defendant's contention defies the ancient right
of squatter's sovereignty.

Beard, Justice.

In this case the plaintiff in error, who was the lessee and
in possession of section 36, township 56, range 79, in Sher-
idan County, sought to enjoin the defendant in error, whose

homestead entry included the southwest quarter of section 25, same township and range, from removing a fence which plaintiff alleged was situated upon the line between their respective lands. The defendant denied that the fence was on the line, and alleged that it was several hundred feet north thereof and upon his homestead entry, and that he had repeatedly requested the plaintiff to remove it, which he neglected and refused to do, and that he was removing the same for the purpose of placing it on the line; and by cross-petition sought to enjoin plaintiff from interfering with his so doing. At the request of plaintiff the district court made in writing its finding of facts and conclusions of law. The case has been brought to this court upon the pleadings, findings of facts, and conclusions of law, the evidence not being brought up.

The only questions, therefore, that can be considered are whether the conclusions of law and the decree are sustained by the facts found. The facts as found by the court, so far as necessary to an understanding of the questions presented, are, in substance, that plaintiff at the time of the commencement of the action (October 5, 1914) and for eight or ten years prior thereto was the lessee of said section 36, from the state, and in undisputed possession thereof; that plaintiff at the time of going into possession of said section enclosed the same with a fence belonging to him; and that the same had been so enclosed for several years last past, and that up until the time hereinafter named and the connection of the defendant with the transaction the plaintiff's possessory right to the tract of land enclosed had not been disturbed or questioned; that the fence erected by the plaintiff along the north line of his enclosure for the purpose of enclosing the aforesaid section 36 was not at any time, and is not, upon the north boundary of said section, but is wholly upon section 25, in the above named township and range, and several hundred feet north of the boundary line aforesaid; that the effect of the erection of such fence by the plaintiff was to include in his enclosure not only section 36 aforesaid, but a strip of land off the

southern part of section 25 running east and west from the east line to the west line of said section several hundred feet in width. That about the month of October, 1913, the defendant made a homestead entry in said section 25 which included the southwest quarter of said section; that said entry was made in good faith, and was followed up in the month of April, 1914, by actual settlement, residence and occupation upon the same; that upon taking possession of his homestead entry defendant found the fence as above stated. "The testimony does not clearly establish whether or not the defendant gave notice to the plaintiff to remove the fence. A suggestion was made that such notice was given, and it was not denied by the plaintiff, but it can hardly be said to have been proven. It does appear, however, by the plaintiff's own testimony, that he knew of the defendant's claim as early as August, and that the defendant at that time threatened to tear down this fence if it was not removed." That about June, 1914, the defendant applied to the county surveyor of said county to survey and establish the true line between said sections, and that about August 6, 1914, after notice to plaintiff, said surveyor did survey and establish said line and showed defendant the location thereof. That thereafter, about October, defendant commenced to remove said fence and to reset it on the line established by the county surveyor, and was so engaged when he was stopped on October 6, 1914, by the service of a temporary injunction or restraining order in this action.

From the foregoing finding of facts the court concluded as matters of law, briefly stated, that the portion of plaintiff's fence situated on section 25 was at all times unauthorized and illegal. That at least from the time of the actual settlement, occupation and establishment of his residence upon said homestead, defendant succeeded to the rights of the United States in respect to the occupation of said land and the maintenance of any fence thereon. That plaintiff was entitled to a reasonable time within which to remove his fence after said defendant's filing. That a rea-

sonable time had elapsed for that purpose before defendant attempted to remove the fence in October, 1914. That defendant at that time had a right to remove the fence. That the temporary injunction ought not to have been granted and should be dissolved. That plaintiff is not entitled to a permanent injunction. That defendant is entitled to a permanent injunction enjoining plaintiff from interfering with the removal of said fence to the true boundary line between the southwest quarter of section 25, and the northwest quarter of section 36. Judgment and decree was accordingly entered.

That plaintiff's enclosure of a part of the public domain with land to which he was lawfully entitled to the possession, by a fence erected and maintained on the public land, was unauthorized and illegal is beyond dispute. It is equally true that one who has made a homestead entry upon the public lands of the United States and has complied with the laws, and the regulations of the Land Department is entitled to possession. The court having found the fact to be that the fence was upon land embraced within defendant's homestead entry, and that plaintiff had failed to remove it within a reasonable time, and it being unlawfully there, he cannot invoke the powers of a court of equity to assist him in maintaining his unlawful possession or to restrain one lawfully entitled to possession from removing such fence. The court found that defendant was removing the fence to the true boundary line between said sections. But it is here contended that the establishment of that line by the county surveyor was insufficient. That argument goes to the sufficiency of the evidence presented to the court upon which it found the fact as stated, and the evidence not being brought up, this court is foreclosed from considering that question and must take the findings of the trial court as conclusive. The survey and location of the line as made by the county surveyor was competent evidence of the true location of that line as established by the government survey, and the statute (Sec. 1292, Comp. Stat. 1910) expressly provides that the county surveyor's cer-

tificate shall be admitted as legal evidence in any court of the state, but the same may be explained or rebutted by other evidence. If there was no evidence to rebut the correctness of the line so established it was certainly sufficient to warrant the court's finding. The conclusions of law and the decree as made and entered by the court are in accordance with and sustained by the findings. The judgment is, therefore, affirmed.                              *Affirmed.*

POTTER, C. J., and SCOTT, J., concur.

### ON PETITION FOR REHEARING.

PER CURIAM.

A petition for a rehearing has been filed in this case. At the time the opinion was handed down the court was of the opinion that the conclusions of law and judgment of the district court were sufficiently supported by the facts found by that court. We are still of that opinion.

*Rehearing denied.*