## DICKSON v. LOWE.

No. 6641—Opinion Filed Jan. 30, 1917.

(163 Pac. 523.)

### 1. Judgment—Requisites—In General.

The fourth paragraph of the syllabus in Jefferson et al. v. Gallagher et al., 56 Okla. 405, 150 Pac. 1071, adopted as the syllabus here.

### 2. Courts—Jurisdiction.

The third paragraph of the syllabus in Parmenter et al. v. Ray, County Judge, 58 Okla. 27, 158 Pac. 1183, adopted as the syllabus here.

### 3. Judgment—Motion to Vacate—Grounds—Want of Jurisdiction.

L. prosecuted a contest against the homestead entry of D., which was fully determined by the Land Department in favor of the contestant, and homestead entry by L. made; D. continued to occupy the land involved; L. filed action of forcible entry and detainer against D. in the justice court, and from a judgment in favor of L., D. appealed said action to the county court; later L. moved upon and occupied a portion of said premises and filed an action for injunctive relief against D. in the district court, praying that D. be restrained from interfering with his possession, and that he be awarded possession of said premises by mandatory injunction. Said action was tried to the district judge, and from a judgment of mandatory injunction in favor of L., awarding him possession of said real estate, D. appealed to the Supreme Court; such appeal not raising the question of jurisdiction or the validity of the judgment. Said appeal was dismissed for failure to file briefs. Two years after the judgment in the district court D. filed a motion in the district court to vacate the judgment on the ground that the court was without jurisdiction, and the judgment was void, which motion was overruled and D. again appealed to this court. Held, that the district court had jurisdiction of the subject of the action, of the parties, and the particular matter which the judgment professes to decide, and that the judgment rendered by

it was not void.

(Syllabus by Edwards, C.)

Error from District Court, Beaver County; W. C. Crow, Judge.

Action by Alexander J. Dickson against Seward K. Lowe to vacate judgment. Judgment for defendant, and plaintiff brings error. Affirmed.

Dickson & Dickson, for plaintiff in error.

Appelget & Herod (Phillip E. Winter, of counsel), for defendant in error.

Opinion by EDWARDS, C. The plaintiff having filed uon a tract of government land in Beaver county, defendant contested the same and at a trial held on the 3d day of May, 1905, in the United States land office at Woodward, a decision was rendered in favor of defendants, canceling plaintiff's filing and granting defendant permission to make a homestead filing thereon. Plaintiff prosecuted an appeal from this decision through the several departments at Washington, D. C., which resulted in a decision by the Secretary of the Interior on February 13, 1908, affirming the decision of the local land office. Afterwards a rehearing was granted, and on July 30, 1910, the Land Department at Washington, D. C., rendered a final decision canceling plaintiff's entry, and on August 5, 1910, the defendant made homestead entry on the contested tract. On September 3, 1910, the plaintiff presented in the United States land office at Woodward, Okla., a contest affidavit against the defendant, which was rejected, and upon appeal to the Land Department at Washington, D. C., this ruling was approved; the Commissioner using the following language:

"Dickson's contest affidavit savors strongly of an attempt to prolong litigation. The matters set up by him having been adjudicated, the same will not be the basis of a hearing, being res adjudicata."

Plaintiff refusing to vacate the premises, defendant, Lowe, filed a forcible entry and detainer action against him in the justice of the peace court, which resulted in favor of defendant, Lowe, and plaintiff, Dickson, took an appeal to the county court of Beaver county. The record does not disclose what action was taken thereon in the county court.

On the 18th day of February, 1911, in the district court of Beaver county, Lowe instituted an injunction action against Dickson, praying that Dickson be enjoined from occupying said premises, and that he be decreed a writ of possession therefor; his petition containing allegations as follows:

"That on the 9th day of December, 1910, the plaintiff moved on said described land a frame house 16 by 24 feet, and established residence on said described land with his family, and erected a house 12x20 feet, and built a chicken house and corral. That plaintiff was proceeding to fence said land and prepare for breaking and putting in a crop. That defendant fails and refuses to remove from said premises, and molests plaintiff in his work, and interferes with hired labor by ordering them off of said premises, and by coming to where plaintiff and his laborers are at work, and forbids them from working on said premises, and stating that plaintiff and his hired help have no right on the premises, and this in a boisterous and angry manner, thereby intimidating plaintiff's hired help, causing them to quit work, and intefering with plaintiff's peaceable and quiet possession of said land and premises. There is 60 or 65 acres of land broke and in cultivation on said premises that plaintiff desires to farm and put in early spring corn. That plaintiff is entitled to the peaceable and quiet possession in and occupation of said land and premises by virtue of his filing thereon, and the defendant is a trespasser on said premises, and will continue to trespass, annoy and molest plaintiff and his laborers in the use of said land unless restrained from so doing. The premises considered, the plaintiff prays for a temporary restraining order restraining defendant from hindering or molesting plaintiff in the use of the pasture land, the farming land, and performing and putting said land and premises in crop, and in fencing and improving said land as he sees fit, and restraining the defendant from putting any crop or using any of said farming land now broken or to be broke. And on the final hearing that said injunction be made perpetual, and that plaintiff be decreed a writ of possession of said premises now held by defendant, and defendant be ordered removed from said premises, and for such other further and general relief as to the court shall seem meet."

On April 26, 1911, the court found in favor of Lowe and granted him a permanent injunction restraining Dickson from occupying said premises, and ordered a writ of possession to be issued. From this ruling of the court, Dickson prosecuted an appeal to the Supreme Court, and on April 15, 1913, this appeal was dismissed. 38 Okla. 216, 132 Pac. 354. On June 20, 1913, the plaintiff Dickson filed in the district court of Beaver county his motion to vacate the judgment entered on April 26, 1911, upon the alleged grounds that said judgment is void for the following reasons:

"(1) Because the court had no jurisdiction to entertain an action in equity while an action at law to determine the same controversy was pending.

"(2) Because the defendant was denied his constitutional right to have the matter tried to a jury.

"(3) Because the decree of the court was a departure from and not responsive to the issues."

This motion to vacate the judgment was heard on the 7th day of April, 1914, and the same was denied. On the same day the plaintiff filed a motion for a new trial, which was overruled, from which ruling of the court the plaintiff prosecutes this appeal.

The assignment of error presented here is the claim that the said judgment and decree of the court of April 26, 1911, is void, and that the court erred in not vacating the same on motion.

In February, 1916, an opinion was rendered in this case by Mr. Commissioner Mathews affirming the judgment in the lower court. Subsequently a petition for rehearing was granted.

The attorneys representing both sides of this controversy have filed very able briefs to fortify the contentions made, which, if considered and discussed at length, would carry us far afield. The appeal will therefore be disposed of by determining the question whether or not the judgment rendered by the district court on April 26, 1911, is void. The question whether the right to insist on the statutory privilege to move at any time to vacate, as provided in section 5274, Rev. Laws 1910, has been waived and lost, even if the judgment was void at the time rendered, is novel and interesting; for, if the judgment should be held void, it would necessarily be for the reason that the particular matter which the judgment professes to decide was not within the jurisdiction of the court. Jefferson v. Gallagher, 56 Okla. 405, 150 Pac. 1071; Standard Savings & Loan Association v. Anthony Wholesale Gro. Co., 62 Okla. 242, 162 Pac. 451.

And at the very time judgment was rendered the plaintiff in error acted upon the validity of the judgment and appealed therefrom, thereby assuming the position that the judgment was erroneous only. The question of the jurisdiction of the court, and the validity of the judgment, was a proper matter to be raised by such appeal, but was not mentioned.

Now can the defendant, after such former appeal is disposed of by dismissal and the judgment appealed from thereby affirmed, raise additional grounds and prosecute a subsequent appeal upon grounds not mentioned in the first appeal? Must he not be held to have appealed upon all appealable grounds, including that of the jurisdiction of the court, and the claim that the judgment is void?

Suppose in the instant case that the court had reviewed the former appeal on the questions raised and had determined them and affirmed the judgment, instead of dimissing the appeal, could it then be contended that the plaintiff in error might, by raising additional questions on motion to vacate, in the lower court again prosecute his appeal to this court? In the former appeal plaintiff in error did not complain that the judgment was void. That question might and should properly, if relied upon, have been raised at that time. Not having been raised at that time, can it now be raised in this manner for the first time? If so, what becomes of the well-established doctrine of this court that a judgment is res adjudicata, not only of the questions actually determined by the court, but in addition all questions which might properly have been determined in the case? Prince v. Gosnell, 47 Okla. 570, 149 Pac. 1162. But a discussion of this question is needless, as in our view the judgment is not void.

The petition does not state nor attempt to state a cause of action to quiet title, for ejectment, nor for forcible entry and detainer, and while the allegations and the relief prayed may savor of one or the other of these forms of action, yet, upon consideration of the petition, we are clearly convinced that it states a cause of action in equity for mandatory injunctive relief, and that the district court had jurisdiction of such action, and that the allegations of the petition are broad enough to cover fully the judgment rendered.

Whether or not this form of relief was proper under the facts, and the doctrine of the Supreme Court of Oklahoma Territory, and of this court, in actions involving possessory rights, is questionable. In the case of Laughlin v. Fariss, 7 Okla. 1, 50 Pac. 254, the Supreme Court of Oklahoma Territory holds:

"We hold that the action of injunction will not lie to adjust possessory rights to a tract of land after the equitable title thereto has passed from the government of the United States and become vested in an individual, unless in a case which presents some recognized special ground therefor, which must be one other than that one party claims that he is the owner and entitled to the immediate possession thereof, and that the other party unlawfully and without any right whatever holds and detains such possession. We therefore conclude that the facts, stated by the plaintiff below in his amended petition, are not sufficient to entitle him to the interference of a court of equity, and the judgment of the district court is reversed and the cause remanded, with directions that the ac-

tion be dismissed at the cost of the defendant in error."

The holding of the territorial court in this case was approved by the Supreme Court of the United States in the case of Black v. Jackson, 177 U. S. 349, 20 Sup. Ct. 648, 44 L. Ed. 801, wherein it is said: "We think that the discussion in Laughlin v. Fariss, 7 Okla. 1, 5-7, 9, 11, 50 Pac. 254, should be accepted as a correct exposition of the law of the Territory." Then quoting from said opinion the excerpt last above set out. Pool v. Baker (Wyo.) 154 Pac. 328. These authorities, and the further holding of this court in the case of Murphy v. Fitch, 35 Okla. 364, 130 Pac. 298, leaves the question as to the right of the defendant in error to the relief sought by his action in the district court debatable, not on account of any want of jurisdiction or power of the court in the proper case to render the judgment it did, but because the court may have erred in its application of the law to the facts in its decision upon the merits; but such error, if it exists, does not render the judgment void. The evidence and the facts proven under the petition in the case at bar might have been such, under some circumstances, as to warrant the court in rendering the judgment it did. But for the purpose of this case it may be conceded that the mandatory injunction was not warranted by the law or the facts, that the action of mandatory injunction was not proper, that the judgment rendered was contrary to the settled doctrine of this court, and that the judgment on the former appeal, if it had been reviewed, would have been reversed as erroneous; yet, conceding all this, the judgment is not void. Judgments are not rendered void by reason of mistakes or errors of the trial court in its proceedings. There must be a total want of jurisdiction to render the judgment before it can be held void. Here the court had jurisdiction of the person; it had jurisdiction of the subject-matter and jurisdiction of the particular matter which the judgment professes to determine. There was simply an erroneous and improper exercise of jurisdiction, an erroneous judgment, subject to be reversed upon appeal, but not void.

In the case of Parmenter et al. v. Ray, County Judge, 58 Okla. 27, 158 Pac. 1183, that being an original action in certiorari to review the action of the county court of Comanche county, in appointing a special administrator without giving preference to persons named in section 6284, R. L. 1910, Mr. Justice Sharp discusses the question of jurisdiction at some length, and, among other things, says:

"Whether the court erred as a matter of law in not appointing the executors named in the will as specific administrators is unnecessary to a determination of the case before us. This right is given by statute to the person "entitled' to letters testamentary. But as the will, naming the executors, was attacked, both on the ground of want of testamentary capacity and undue influence on the part of the executors named, there may be room for doubt, in such case, whether the executors named were 'entitled to letters testamentary' within the meaning of the statute. However, for the purposes of this decision, it may be conceded that the court committed error in appointing Conner; but from this it does not necessarily follow that the court acted without or in excess of its jurisdiction. Errors of law in making an order should not be confounded with the power of the court to make the order. The latter only involves jurisdiction, the former, the exercise of jurisdiction. In State of Rhode Island v. State of Massachusetts, 12 Pet. 718, 9 L. Ed. 1233, upon the question of jurisdiction, the rule is aptly stated: 'Jurisdiction is the power to hear and determine the subject-matter in controversy between parties to the suit, to adjudicate or exercise any judicial power over them. The question is whether, on the case before a court, their action is judicial or extrajudicial; with or without authority of law to render judgment or decree upon the rights of the litigant parties. If the law confers the power to render judgment or decree, then the court has jurisdiction.' And in Ex parte Watkins, 32 U. S. (7 Pet.) 568, 7 L. Ed. 786, it is said: 'The jurisdiction of the court can never depend upon its decision upon the merits of the case brought before it, but upon its right to hear and decide it at all.'"

Again this court, in the case of Roth et al. v. Union National Bank of Bartlesville, 58 Okla. 604, 160 Pac. 505, speaking by Mr. Justice Thacker, in subdivision (a) of the first paragraph of the syllabus, after enumerating the elements of jurisdiction, says:

"An order or decree of a court of general jurisdiction, or of such jurisdiction of the particular subject in question, with the power to make such order or decree under any possible state of facts in the case in which it was made, imports absolute verity, and is not subject to collateral attack, except for fraud in its procurement, unless it affirmatively appears from the record of the action or proceedings in which the same was made that such court was without jurisdiction in respect to one or more of the above-stated elements essential in such case."

With this view of the record and the law applicable thereto, we are clearly of the opinion that the judgment of the trial court in denying the motion to vacate the judgment on the ground that the court was without jurisdiction and the judgment therefore void was not error.

The judgment is therefore affirmed.

By the Court: It is so ordered.