WELDEN et al. v. HOME OWNERS LOAN CORPORATION.

No. 30920. Oct. 12, 1943.

*141 P. 2d 1010.*

Turner M. King and Carloss Wadlington, both of Ada, for plaintiffs in error.

Thompson & Braly, of Ada, for defendant in error.

CORN, C. J. Plaintiff's petition filed April 6, 1937, was in the usual form asking for judgment on the note given by defendants and asking for foreclosure of the mortgage on real property, given to secure the payment of the note. After various dilatory pleadings, not challenged by this appeal, the defendants on July 14, 1937, filed an answer which, omitting the caption, is as follows:

"The *defendnents* deny that they are indebted to the plaintiff in the sum of four thousand five hundred and three dollars and near to that sum. The *defendnents* admits an *indebtiness* to some *amounth* the exact amount is unknown but that it is far short of what the plaintiff *claimss.*"

As shown by the entries in the appearance docket it appears that the case was set on the docket for trial about ten different times after the answer was filed and before the case was tried on November 15, 1939. On October 20, 1937, the defendants requested that the case be set on jury docket. On December 13, 1937, during the jury term, defendants filed motion for continuance. The record does not disclose the reason for other continuances. On November 15, 1939, the defendants filed an amended answer alleging some payments on costs and attorney fees and some agreement to dis-

miss the suit. On the same day it appears that the case was tried and evidence was taken and witnesses were examined.

The entries in the appearance docket so show and the court clerk testified that her minutes show the same facts. The defendant Carl Weldon testified that he on that day produced proof of what he had paid. The appearance docket shows the trial "Continued to Friday." The next entry in the appearance docket is dated November 27, 1939, and shows another amended answer filed by defendant, which amended answer is set out in full at pages 34, 35, and 36 of the case-made.

On December 1, 1939, plaintiff filed a motion to strike that amended answer because it was filed out of time without the permission of the court, and because the issues had already been tried "and judgment by the court is now pending."

The appearance docket shows "Feb. 6, 1940, Motion to strike answer filed out of time, sustained." Also on same date entry "Judgment foreclosing mortgage as per Journal Entry."

The journal entry of judgment was filed March 4, 1940, and is recorded in the court clerk's office in Journal 39, at page 159. No exceptions were taken to that judgment by defendants; no motion for a new trial was ever filed as to that judgment; and no request for a correction or amendment of the journal entry was ever made by defendants.

Thereafter, on August 10, 1940, an order of sale was issued, but as stated in the sheriff's return that order was not executed by the sheriff, "because of filing of Frazier-Lempke proceedings in the United States District Court for the Eastern District of Oklahoma."

On March 21, 1941, an alias order of sale was issued, and after due advertisement, the property was sold by the sheriff to the plaintiff, Home Owners Loan Corporation, for $2,762.40.

On April 28, 1941, motion to confirm sale was filed and on May 21, 1941, said sale was confirmed and approved by the court, no exceptions having been filed and no objection made by defendants.

On May 27, 1941, a writ of assistance was issued and on June 6, 1941, the defendants filed a motion to quash the writ of assistance. That is the first action by defendants, as disclosed by the record, whereby they voice any objections, exceptions, or protest to the judgment of foreclosure or to its enforcement.

The first writ of assistance was stayed on June 7, 1942, until the motion could be heard. On July 2, 1941, defendants' motion to quash writ of assistance and for order restraining the issuance of any further writ was overruled and the clerk was directed to withhold the issuance of any writ of assistance until 20 days thereafter.

On July 24, 1941, an alias writ of assistance was issued, but for some reason was not executed by the sheriff.

On August 5, 1941, another alias writ of assistance was issued and was executed on August 14, 1941, by the sheriff placing the Home Owners Loan Corporation in possession of the premises.

In the meantime, on August 13, 1941, the defendants filed motion to vacate judgment; had notice issued and served on the attorney for plaintiff; and the district judge having disqualified, applied to the county judge for an injunction, which application for injunction was denied by the county judge. Plaintiff on October 9, 1941, filed its response to motion to vacate, and on October 21, 1941, the matter was tried on said motion to vacate judgment, and evidence was introduced.

On the same day the court rendered judgment overruling the motion to vacate judgment; the defendants filed their motion for new trial, which was also overruled, and both orders are incorporated in one journal entry.

The record does not contain the evidence taken prior to the original judgment of February 6, 1940, but from the most casual glance at the record of this case, it appears this is one of those cases where the defendants have no defense, and have resorted to every known device to delay and obstruct the proceeding and to retain possession and use of the property as long as they could without compliance, on their part, with their contract.

They make no claim that the note and mortgage are not in default, and no claim that plaintiff was not entitled to a foreclosure judgment. The main contention of the defendants is that the judgment is in excess of the correct amount which they owe. From the record it appears that the amount of credit to which they were entitled was tried out before the court, that they introduced all their evidence, and the court held against them in the judgment evidenced by the journal entry of judgment. If, as they now contend, there was any mistake by the court in fixing the amount of the judgment against them, it would certainly have been a simple matter to get it corrected if they had made a timely application. There was almost four months of the term of court left after the journal entry was filed.

The holding of this court is as follows:

"Where it does not clearly appear that the trial court abused its discretion, its action in overruling a motion to vacate a judgment will not be disturbed on appeal." Eagle Loan & Inv. Co. v. Turner, 113 Okla. 251, 241 P. 138; Trimmer v. State, 142 Okla. 278, 286 P. 783; Park v. Continental Oil Co. et al., 184 Okla. 314, 87 P. 2d 324, and many other cases.

The defendants also claim: (1) That no judgment was rendered by the court; (2) that the judgment rendered was void; (3) that the judgment was irregularly obtained. On motion to vacate the judgment the burden is on the movants to prove by clear, cogent, and convincing evidence that the original judgment was not renedered as it purports on its face to have been.

An inspection of the judgment shows it to be regular, and that it was duly recorded in Journal 39 at page 159 of the court's records.

The first syllabus of the case of Morrison v. Swink et al., 128 Okla. 97, 261 P. 209, is as follows:

"Sound public policy, the stability of solemn judgment of courts, and the security of litigants, demand that where it is sought to vacate orders and judgment of the trial court, fair on their face, after the expiration of the term, under section 810, subd. 3, C.O.S. 1921 (same as 1941 O. S., Title 12, § 1031), upon patrol testimony, the evidence must be clear, cogent, and convincing."

There is no positive evidence in the record to the effect that the court did not render this judgment as it appears in the journal entry of judgment signed by the judge and recorded in the permanent records of the court. It is clearly shown that the court had fully heard the evidence and everything offered by both parties, and that he ordered judgment as per journal entry. When the details of the judgment were reduced to writing and signed by the judge, that became the judgment of the court. The record before this court does not show the evidence taken in the foreclosure matter, nor the stenographic record of the proceeding at that time, including any directions the court may have given as to the details or amount to be included in the journal entry. He may have indicated that the amount be fixed in accordance with some of the exhibits or statements then before the court. He signed the journal entry and caused it to be recorded as the judgment of the court, thereby implying to it absolute verity. Boynton et al. v. Crockett et al., 12 Okla. 57, 69 P. 869.

Apparently the only real complaint of defendants is that judgment was rendered for a greater sum than they think justified by the evidence. They could have excepted and had that question

reviewed on appeal, but having failed to do so, they cannot raise the question by motion to vacate the judgment as they are now attempting to do.

"A litigant cannot assail, by motion filed after the final disposition of the suit, any action taken in such suit by the trial court, where the court had jurisdiction of the subject matter and the parties. Errors occurring in the trial and disposition of such suit can be and should be cured by appeal." Tolliver v. First Nat. Bank, 179 Okla. 191, 64 P. 2d 1215..

There can be no doubt that the court had jurisdiction of the subject matter, the parties, and judicial power to render the particular judgment. If it rendered judgment for too much or too little, that would constitute an error subject to correction on appeal, but would not affect the jurisdiction of the court or render the judgment void. Dickson v. Lowe, 65 Okla. 64, 163 P. 523; Caraway v. Overholser, 182 Okla. 357, 77 P. 2d 688; Morgan v. Karcher et al., 81 Okla. 210, 197 P. 433.

Judgment affirmed.

GIBSON, V. C. J., and BAYLESS, WELCH, and DAVISON, JJ., concur. OSBORN, J., concurs in conclusion. RILEY, HURST, and ARNOLD, JJ., absent.